# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Ambrose VanLoan, | No. CV-18-00226-TUC-DTF |
| Plaintiff, | **ORDER** |
| v. | |
| Nation of Islam, et al., | |
| Defendants. | |

**Introduction**

On April 30, 2018, Plaintiff Jonathan Ambrose VanLoan (Plaintiff) initiated this action asserting claims of assault, attempted murder, false imprisonment, intentional infliction of emotional distress, negligence, negligence *per se*, deprivation of civil rights under 42 U.S.C. § 1983, violation of his First Amendment rights under the United State Constitution to freedom of speech and religion, violation of his Fourth Amendment right under the United States Constitution to be free from unreasonable seizure, the denial of liberty without due process in violation of the Fourteenth Amendment to the United States Constitution, failure to train and civil conspiracy. (Doc. 1.)

Plaintiff named as Defendants: the Nation of Islam, Louis Farrakhan, Tony Muhammad, Mikal Omar Rasul, the Church of Scientology International, David Miscavige, the Church of Scientology of Arizona, Diane Koel, Virginia Leason, Community Bridges Incorporated, Frank Scarpati, Deann Miller-Heyer, John F. Hogeboom, the City of Mesa, the Mesa Fire Department "Doe" Paramedics, the Mesa Fire and Medical Department, Banner Health Incorporated, Peter S. Fine, Marjorie

Bessel, M.D., Himada Properties, LLC, Laurel Lee Pavlik, Jagdish M. Patel, Ramada Worldwide Incorporated, Wyndham Worldwide Incorporated, Stehen P. Holmes, Caryl Porter, the City of Tucson, the Tucson City Council, Regina Romero, Paul Cunningham, Shirley C. Scott, Karin Ulrich, Richard Finbres, Steve Kozachik, Two Hispanic Tucson Police Officer "Doe" Defendants, Jonathan Rothschild, Community Intervention Associates Incorporated, Dustin "Doe" Crisis Worker, Fred Cogburn, SMSJ Holdings, LLC, CHN Holdings, LLC, Tucson Hospital Holdings Incorporated, Tenet Healthcare Corporation, Dignity Health, Ascension Health Incorporated, Ronald A. Rittenmeye, Mark A. Benz, Juan Fresquez, Nancy Melcher, Vera Walker Daniel, Steven Pike, M.D., Adrienne P. Yarnish, M.D., Emergency Medicine Associates, St. Joseph's Hospital "Doe" Defendants 1-50, Christopher Magnus, Tucson Police Officer "Doe" Defendants 1-9, General Growth Properties Incorporated, Cara M. Christ, M.D., Islamic Center of Tucson, Mir Rehmatullah, Hossein Hameed, Ismail K. Zahlan, Lynn C. Hourani, Taha Hasan, Abbas Khan, Mahmood Alabagi, Abdulla Alabagi, Tucson Police Department, Tucson Fire Chief, Tucson Fire Department and Emergency Medical Services, Tucson Fire Department Paramedic "Doe" Defendants 1-9, Nick "Doe", Killian "Doe", Chiba "Doe", Kulnecht "Doe", Mike "Doe", Sherman "Doe", Unnamed St. Joseph's Hospital "Doe" Defendants, and the Roman Catholic Church of the Diocese of Tucson. (Doc. 1.)

### *Sua Sponta* Dismissal Under Fed. R. Civ. P. 12(b)(1) is Appropriate

The Court may question subject matter jurisdiction at any time *sua sponte*. *See O'Brien v. Dept. of Justice,* 827 F.Supp. 382, 384 (D. Ariz. 1995) (citing Fed. R. Civ. P. 12(h); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, 97 S.Ct. 568, 571, 50 L.Ed.2d 471 (1977)). Under the substantiality doctrine, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' [are] 'wholly insubstantial,' [or are] 'obviously frivolous,'…" *O'Brien v. Dept. of Justice,* 827 F.Supp. 382, 384 (D. Ariz. 1995) (quoting *Hagan v. Lavine*, 415 U.S. 528, 537 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974)); *see also, Bell v. Hood*, 327 U.S. 678, 682-83, 66 S.Ct.

773, 776, 90 L.Ed. 939 (1946); *Gilder v. PGA Tour, Inc.*, 936 F.2d 417 (9th Cir. 1991). In considering whether the Court has subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court "is not limited to the facts asserted in the complaint, nor is the court required to assume the truthfulness of the factual allegations within the complaint." *Ticktin v. C.I.A.*, 2009 WL 976517, at *2 (D. Ariz. 2009) (quoting *Taha v. C.I.A.*, 2007 WL 4287598, at *1 (D. Or. 2007) (citing *Americopters, LLC v. FAA*, 441 F.3d 729, 732 n.4 (9th Cir. 2006)). "The sole exception to th[e] rule [that allegations must be credited at the pleading stage applies to] allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." *Ashcroft v. Iqbal*, 556 U.S. 662, 696, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (Souter, J., dissenting).

"The party asserting jurisdiction bears the burden of proving that that court has subject matter jurisdiction over his claims." *Ticktin,* 2009 WL 976517, at *2 (quoting *Taha*, 2007 WL 4287598, at *1) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ("It is to be presumed that a cause lies outside [the court's] limited jurisdiction, [ ] and the burden of establishing the contrary rests upon the party asserting jurisdiction.")) Plaintiff alleges federal jurisdiction on the basis of a federal question; namely, alleged violations of 42 U.S.C. § 1983 and violations of his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution. (Doc. 1.) As explained below, the Court determines that Plaintiff's allegations are so implausible that he fails to state a federal claim.

Simply put, the Complaint in this case alleges an implausible conspiracy between the Nation of Islam, the Church of Scientology, the Roman Catholic Dioceses of Tucson, Tucson police officers, Tucson city council members, hospitals and hospital administrators, paramedics, hotel owners, hotel employees and others to murder him. Plaintiff alleges the reason for the conspiracy to murder him is because he used a racial slur in December of 2013. This single act of using a racial slur so inflamed the Nation of Islam, Plaintiff contends, that they embarked on a nationwide quest to murder him.

Plaintiff alleges that individuals at St. Joseph's hospital and Banner Medical Center attempted to murder him by administering "Heart Enlargement" medicine designed to "explode" his heart. Plaintiff alleges that medical providers hearted up instruments in an oven in preparation to mutilate his body, counted down the minutes before they killed him, put things "in his head," and that the medical providers prepared paperwork for his death. (Doc. 1 at ¶¶ 129-34, 162, 168, 173, 175.) Plaintiff alleges that on one occasion while in the emergency room at St. Joseph's hospital there was an "Islamic man of Middle Eastern descent present who apparently was going to mutilate Plaintiff's body upon his death." *Id*. at ¶ 167. Plaintiff alleges a Middle Eastern Muslim cleric had "his own 'tent' set up next to Plaintiff's bed" and that the Muslim cleric entered his "tent" and began to go into a trance. *Id*. Thereafter, Plaintiff alleges "[t]here were strange electronic or radio emissions coming out of his 'tent.'" *Id*.

Plaintiff alleges that on one occasion after he was administered "Heart Enlargement" medication, he began "to pray to God…to neutralize the effects of the heart enlargement medicine[.]" *Id*. at ¶ 133. After a couple of hours, Plaintiff alleges he "slowly recovered from the 'lethal' dose of heart enlargement medicine." *Id*. at ¶ 134.

Plaintiff alleges the conspiracy to kill him also included the Nation of Islam planting a bomb inside a hotel room he stayed at one night in Tucson. The bomb was allegedly disguised as a television cable box that was "making strange ticking noises, and softly playing a sinister sounding audible melody." *Id*. at ¶¶ 110-112. Plaintiff alleges the Nation of Islam "probably" set up the bomb the night before he stayed in the hotel room and used a female named "Melanie" to "lure him" to the hotel. *Id*. at ¶ 119.

The Court is satisfied that Plaintiff's Complaint presents precisely the insubstantial claims that a federal court lacks subject matter jurisdiction over. *See e.g., Carone-Ferinand v. Central Intelligence Agency*, 131 F.Supp.2d 232, 232-33 (D.D.C. 2001) (dismissing complaint alleging that defendants including C.I.A., United States Army, and Oliver North conspired to cover up plaintiff's father's involvement in government-sanctioned illegal activity); *Czmus v. United States*, 2010 WL 438090, at *1, 3 (D.R.I.

2010) (dismissing complaint alleging that agents of Department of Homeland Security "continually and relentlessly conduct[ed] baseless surveillance" to cause Plaintiff to question whether he was mentally ill); *Yacoub v. United States*, 2007 WL 2745386, at *1 (W.D. Wash. 2007) (dismissing complaint alleging that various defendants conspired to control plaintiff's mind using, *inter alia*, toxic chemicals, telepathy, color coding, and astral bodies); *De Oliveira Cordeiro v. Attorney General Loretta Lynch*, 2016 WL 6464476, at *3-4 (C.D. Cal. 2016) (dismissing as fantastical and delusional under Fed. R. Civ. P. 12(b)(1) complaint that alleged, *inter alia*, that after plaintiff wrote President Obama in 2013, the Obama family showed up at a gas station and President Obama informed plaintiff that he left "special agents" "in charge" and the "special agents" thereafter tortured plaintiff by using a computer that slowed down her digestive tract and caused her to become obese, caused her to sustain a pulmonary embolism, deflated one of her lungs, opened her heart value, stopped and restarted her heart, and burnt her finger and chest areas).

The Court is confident that amendment of the Complaint would be futile. Accordingly, the Complaint will be dismissed with prejudice.

**Conclusion**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **dismissed with prejudice** and all pending motions (Docs. 11, 52, 62, 68, 73, and 80) are **denied as moot.**

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment and close this case.

Dated this 17th day of August, 2018.

_____
Honorable Raner C. Collins
Chief United States District Judge